UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL DILLARD,

Plaintiff,

v.

WEST ADA SCHOOL DISTRICT, et al.

Defendants.

Case No. 1:26-cv-00400-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court are Plaintiff Michael Dillard's *In Forma Pauperis* Application (Dkt. 1) and Complaint (Dkt. 2). For the reasons explained below, the Court will grant the *In Forma Pauperis* Application and dismiss the Complaint with leave to amend.

**1. *In Forma Pauperis* Application**

Plaintiffs pursuing civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1941(a). In order to avoid that fee, a plaintiff must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*,

787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id*. (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Mr. Dillard and determined there are sufficient facts to support his poverty. Dkt. 1. Mr. Dillard is currently unemployed, with less than $100 in monthly income from unemployment and interest. *Id*. at 2. He reports only one car as an asset and has $1,811 in monthly expenses which include rent, food, transportation, insurance, car payments, and a storage unit. *Id*. at 4. Moreover, Mr. Dillard reports that his 81-year-old mother relies on him for support. *Id*. at 5. Finally, Mr. Dillard indicates that he has paid or will be paying an attorney $2,800 for services in connection with this case. *Id*. Although Mr. Dillard reports $12,000 in a checking account, his lack of income coupled with monthly expenses indicate that paying filing fees would put a significant stain on his ability to afford basic living expenses.

**2. Review of Complaint**

After granting an *in forma pauperis* application, the Court may conduct an initial review of the complaint to determine whether summary dismissal is

appropriate. *See* 28 U.S.C. § 1915(e)(2). A complaint must be dismissed if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The second basis for dismissal is relevant here.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim and may be dismissed if the factual assertions, taken as true, are insufficient for the reviewing court to plausibly "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are not required to make in-depth factual allegations, although they must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

During this review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Pro se plaintiffs, however, must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Courts will not "assume the truth of legal conclusions merely because they

are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).

Mr. Dillard has sued the West Ada School District (WASD) as well as several administration, faculty, and staff members of the school district for civil rights violations and disability discrimination. Mr. Dillard's first cause of action alleges that WASD targeted him "because of his disabilities . . . and create[ed] an intimidating, and hostile working environment by conducting frequent, surprise observations of him." Dkt. 2 at 12. His second cause of action also arises under Title VII of the Civil Rights Act and alleges that he was "treated more harshly and less favorably than other similarly situated new teachers." *Id*. at 13. These causes of action fail as a matter of law because Title VII of the Civil Rights Act protects against various forms of employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2026). Neither disability nor status as a "new teacher" are protected classes under Title VII.

Mr. Dillard's third and fourth causes of action seek relief for disability discrimination arising under the American with Disabilities Act and Title 67 of the Idaho Code. Mr. Dillard's pleadings, however, fall very short of stating a viable claim. Mr. Dillard says that "reasonable accommodations for his disabilities . . . were ignored by Defendants." Dkt. 2 at 14. Earlier in his factual allegation,

however, Mr. Dillard states "I formally requested workplace accommodations based on a longstanding diagnosis of depression and anxiety disorder. . . . *Some of these accommodations were granted; others were not*." *Id*. at 8–9. He goes on to list a variety of requested accommodations without any indication of which ones were granted. *Id*. at 9. Without this information, it is impossible for the Court to determine the plausibility of Mr. Dillard's claim.

Mr. Dillard also alleges that he was "subjected . . . to adverse employment actions because of his disability, including the systematic removal of his teaching responsibilities and ultimately his termination." Dkt. 2 at 15. His pleadings with respect to this claim also fall short of the Rule 8 standard. Mr. Dillard focuses heavily on his disagreement with WASD administrators' evaluation of his work, lesson plans, and teaching style. Dkt. 2 at 4–11. But he fails to establish how the described conduct amounts to discrimination of any kind. Instead, Mr. Dillard's factual allegations read largely as a disjointed list of grievances against the WASD and the district's employees.

Due to the absence of legally recognized causes of action and the absence of sufficient factual allegations, Mr. Dillard has failed to state a claim upon which relief can be granted. The Court will dismiss the Complaint but give Mr. Dillard leave to amend it to cure these deficiencies. If Mr. Dillard submits an amended

complaint, he should take care to provide a coherent, specific factual account of the events underlying his claim.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. The Complaint fails to state a claim upon which relief may be granted and is **DISMISSED**. Plaintiff has 30 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

DATED: August 31, 2026

B. Lynn Winmill
U.S. District Court Judge