UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DILLARD,<br><br>Plaintiff,<br><br>v.<br><br>WEST ADA SCHOOL DISTRICT, et al.<br><br>Defendants. | Case No. 1:26-cv-00400-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are pro se Plaintiff Michael Dillard's Motion to Review Amended Complaint (Dkt. 9); Motion to Appoint Counsel (Dkt. 5); Motion for Leave to File Electronically (Dkt. 10); Motion for Leave to Amend Complaint (Dkt. 13); and Motion for Reasonable Accommodations (Dkt. 14). For the reasons explained below, the Court will dismiss Mr. Dillard's amended complaint with prejudice and deny the remaining motions as moot.

## BACKGROUND

Plaintiff Michael Dillard filed an application for leave to proceed in forma pauperis and a complaint on June 29, 2026. Dkts. 1, 2. The Court approved Mr. Dillard's in forma pauperis application, but dismissed his complaint with leave to

amend. Dkt. 7. In its order, the Court noted that the complaint failed to state a claim upon which relief can be granted. *Id.*

On September 3, 2026, Mr. Dillard filed an amended complaint. *Am. Compl.*, Dkt. 8. He also asked the Court to appoint counsel. *Mot. Appoint Counsel*, Dkt. 5. Then, over the next few weeks, Mr. Dillard filed three additional motions, asking the Court to (1) grant leave to file electronically; (2) grant leave to file a (presumably second) amended complaint; and (3) establish reasonable accommodations for discovery. *See* Dkts. 10, 13, 14.

First, the Court will address Mr. Dillard's amended complaint. Then it will discuss Mr. Dillard's remaining motions, beginning with his request for appointment of counsel.

## ANALYSIS

### A. Amended Complaint

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if (1) it is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.* The second ground for dismissal is relevant here.

A complaint must state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual

allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff cannot simply restate standards of law or provide conclusory statements that the defendants harmed the plaintiff; the plaintiff must plead sufficient facts to show a causal link between each defendant and the alleged injury. *Iqbal*, 556 at 678–79.

The Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit." *Chima v. Perkins*, 808 F. Supp. 3d 1055, 1059 (N.D. Cal. 2025). Although the Court construes pro se pleadings liberally, pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Klassy v. Karlfeldt*, 2025 WL 2462894 at *2 (D. Idaho 2025).

**1. Causes of Action Under Title VII**

Mr. Dillard has sued the West Ada School District for civil rights violations and disability discrimination. His first cause of action arises under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Dkt. 8 at 46. It alleges that the School District targeted him "because of his disabilities . . . and create[d] an intimidating, and hostile working environment by conducting frequent, surprise observations of

him." *Id.* at 47. Mr. Dillard's second cause of action, which also arises under Title VII, alleges that he was "treated more harshly and less favorably than other similarly situated new teachers." *Id.* at 48.

The Court noted in its previous order that these causes of action fail as a matter of law because Title VII protects against various forms of employment discrimination based on "race, color, religion, sex, or national origin." Dkt. 7 at 4 (citing 42 U.S.C. § 2000e-2(a)). Neither disability nor status as a "new teacher" is a protected class under Title VII. *Id.* That reasoning still applies. Even though Mr. Dillard managed to triple the length of his complaint, he has come no closer to stating a plausible claim for relief under Title VII.

**2. Causes of Action under the ADA and IHRA**

Mr. Dillards third and fourth causes of action seek relief for disability discrimination under the Americans with Disabilities Act (ADA) and the Idaho Human Rights Act (IHRA). Dkt. 8 at 48–49. Here, too, the Court finds that Mr. Dillard's pleadings fall short of stating a viable claim.

The Idaho Supreme Court has held that the IHRA should be interpreted in a manner consistent with the ADA. *Foster v. Shore Club Lodge*, 908 P.2d 1228, 1232–33 (Idaho 1995). Accordingly, the Court will address Mr. Dillard's ADA and IHRA claims together, and use the ADA as the framework for assessing viability.

The ADA forbids covered employers from "discriminat[ing] against a qualified individual on the basis of disability" regarding the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . ., unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." *Id.* § 12112(b)(5)(A).

To establish a prima facie case for failure to accommodate, the plaintiff must show that: (1) he is a disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Mr. Dillard asserts that he is disabled on account of a "longstanding diagnosis of depression and anxiety disorder." Dkt. 8 at 17. He further asserts that "reasonable accommodations for his disabilities . . . were ignored by Defendants." *Id.* at 49.

At the same time, Mr. Dillard indicates that the District "formally agreed to a specific schedule of accommodations," including "advance notice of observations, alternative evaluators, and shorter observations." *Id.* at 21–22.

Whether and to what extent the District provided these accommodations is not clear. Without this information, it is impossible for the Court to determine the plausibility of Mr. Dillard's claim.

Additionally, Mr. Dillard alleges that he was "subjected . . . to adverse employment actions because of his disability, including systematic removal of his teaching responsibilities and ultimately his termination." *Id.* at 49. Mr. Dillard's pleadings with respect to this claim also fall short of the Rule 8 standard.

Both the IHRA and ADA prohibit the discharge of a qualified individual with a disability on the basis of that individual's disability. Idaho Code § 67-5909(1); 42 U.S.C. § 12112(a). To establish a prima facie case for employment discrimination under the ADA, the plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job, either with or without reasonable accommodations; and (3) his employer terminated him because of his disability. *Harshbarger v. Sierra Pac. Co.*, 26 Fed. App'x. 707, 709 (9th Cir. 2002).

Mr. Dillard asserts that the District "weaponized" its classroom observations by using "pre-determined low evaluations" and that these evaluations were intended to create a hostile work environment that inevitably would result in Mr. Dillard's "professional failure." Dkt. 8 at 21–22. But even assuming that Mr. Dillard is disabled within the meaning of the ADA and is qualified to perform the

essential functions of the job, these allegations fail to establish a prima facie case that the District terminated Mr. Dillard *because* of his disability.

That Mr. Dillard continued to receive low evaluations after the District allegedly agreed to a set of workplace accommodations does not establish a prima facie case for discrimination. Similarly, characterizing a standard review process as "adversarial" or "retaliatory," without more, does not make it so.

To be sure, Mr. Dillard has greatly expanded his factual allegations since the Court granted leave to amend. He devotes several pages to the allegation that District documented his every move in an effort to construct a "pretextual paper trail of failure." *Id.* at 30–42. But much like Mr. Dillard's original complaint, these pages read as a disjointed list of grievances against the District and its employees. They do not establish a prima facie case for disability discrimination under the ADA.

In sum, Mr. Dillard has failed to state a claim upon which relief can be granted. The Court therefore will dismiss the amended complaint with prejudice.

**B. Appointment of Counsel**

Mr. Dillard, citing financial hardship, also seeks appointment of counsel. *See* Dkt. 5, at 2. Because the Court has determined that the amended complaint has failed to state a claim, it will deny this request as moot. Nevertheless, the Court will explain that appointment of counsel would be inappropriate in this case.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in exceptional circumstances exist. When determining whether exceptional circumstances exist, courts should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Here, the Court finds that exceptional circumstances do not exist. First, Mr. Dillard is not likely to succeed on the merits of the case. As stated above, he has failed to state a claim upon which relief can be granted, and the Court has decided to dismiss the amended complaint on that basis. Second, Mr. Dillard has shown that he is able to articulate his claims, even if those claims fall short of the Rule 8 standard. His filings are typed, understandable, and refer to relevant federal statutes. What is more, Mr. Dillard describes himself as "highly educated" and

indicates that he holds three separate college degrees, including a specialized degree in education. Dkt. 8 at 44.

Accordingly, Mr. Dillard's motion for appointment of counsel will be denied as moot.

### C. Remaining Motions

As stated above, Mr. Dillard filed three additional motions after asking the Court to review his amended complaint. Specifically, he has asked the Court (1) to grant leave to file electronically; (2) to grant leave to file a second amended complaint; and (3) to provide reasonable accommodations for discovery.

Mr. Dillard has already been given the opportunity to amend his complaint, but failed to cure its defects. Accordingly, the Court will deny these motions as moot.

## ORDER

**IT IS HEREBY ORDERED that:**

1. Plaintiff's Amended Complaint (Dkt. 8) is **DISMISSED with PREJUDICE**.
2. Plaintiff's Motion to Review Amended Complaint (Dkt. 9) is **DENIED as MOOT**.
3. Plaintiff's Motion to Appoint Counsel (Dkt. 5) is **DENIED as MOOT**.

4. Plaintiff's Motion for Leave to File Electronically (Dkt. 10) is **DENIED as MOOT**.

5. Plaintiff's Motion for Leave to Amend Complaint (Dkt. 13) is **DENIED as MOOT**.

6. Plaintiff's Motion for Reasonable Accommodations (Dkt. 14) is **DENIED as MOOT**.

DATED: October 1, 2026

B. Lynn Winmill
U.S. District Court Judge